485-07/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DAMPSKIBSSELSKABET "NORDEN" A/S
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Michael E. Unger (MU 0045)
William J. Pallas (WP 6201)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAMPSKIBSSELSKABET "NORDEN" A/S

                Plaintiff,

  -against-

PACIFIC LINKAGE (CHINA) LIMITED

                Defendant.
-----------------------------------------------------------------x

**JUDGE BUCHWALD**

07 CIV 8626

**VERIFIED COMPLAINT**

Plaintiff DAMPSKIBSSELSKABET "NORDEN" A/S (hereinafter, "NORDEN"), through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant PACIFIC LINKAGE (CHINA) LIMITED (hereinafter, "PACIFIC"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq*. and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq*.

2. At all times relevant hereto, Plaintiff NORDEN was and still is a business entity duly organized and existing under the laws of a foreign country with a registered office at 49, Amaliegade, DK-1256 Copenhagen, Denmark.

3. At all times relevant hereto, Defendant PACIFIC was and still is a business entity organized and existing under the laws of a foreign country with an address of 1505 CC WV Building, 302-8 Hennessy Road, Wanchai, Hong Kong.

4. On or about February 4, 2007, Plaintiff NORDEN, in the capacity as disponent owner of the CARDINAL, entered into a maritime contract of voyage charter with Defendant PACIFIC, as charterer.

5. Plaintiff NORDEN duly tendered the vessel into the service of PACIFIC and fully performed its obligations under the charter.

6. In breach of the terms of the charter party, and despite due demand by NORDEN, PACIFIC refused and/or otherwise failed to provide a safe cargo of "harmless" nickel ore at the load port.

7. PACIFIC'S failure to provide a safe cargo pursuant to the terms of the charter resulted in the CARDINAL being detained at the load port.

8. PACIFIC's refusal to provide a safe cargo entitled NORDEN to terminate the charter party which NORDEN did by notice to PACIFIC on February 21, 2007.

9. NORDEN obtained alternative employment for the CARDINAL but was unable to make the same profit as if the charter party had been performed by PACIFIC.

10. As a result of PACIFIC's breach of the charter, NORDEN has incurred detention and loss of profits in the amount of $1,362,567.96, the entire amount of which

remains due and owing despite due demand by NORDEN. A copy of Plaintiff's "Calculation of Loss" is attached hereto as Ex. A.

11. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London. NORDEN specifically reserves its right to arbitrate the substantive matters at issue.

12. This action is brought to obtain jurisdiction over PACIFIC and to obtain security in favor of Plaintiff NORDEN in respect to its claims against PACIFIC and in aid of London proceedings.

13. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

14. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

15. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $350,000 and interest on its damages are estimated to be $327,432.04 (calculated at the rate of 8% per annum uncompounded for a period of three years, the estimated time for completion of the proceedings in London).

**REQUEST FOR RULE B RELIEF**

16. Upon information and belief, and after investigation, Defendant PACIFIC cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant PACIFIC ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from various banking institutions and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

17. The total amount of Plaintiff NORDEN's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against PACIFIC is **$2,040,000.00.**

WHEREFORE, Plaintiff DAMPSKIBSSELSKABET "NORDEN" A/S prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant PACIFIC, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim plus interest;

b. That if Defendant PACIFIC cannot be found within this District pursuant to Supplemental Rule B that all assets of Defendant PACIFIC, up to **$2,040,000.00**, to provide full security (as nearly as presently may be calculated) for Plaintiff NORDEN's claim be restrained and attached,

including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant PACIFIC, by any garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant PACIFIC to appear and respond in arbitration pursuant to the terms of the charter party; and

d. That the Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
October 4, 2007

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    DAMPSKIBSSELSKABET "NORDEN" A/S

By: _____
Michael E. Unger (MU 0045)
William J. Pallas (WP 6201)
80 Pine Street
New York, NY 10005
(212) 425-1900 (Tel)
(212) 425-1901 (Fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

William J. Pallas, being duly sworn, deposes and says:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications and documents provided by our client regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
William J. Pallas

Sworn to before me this
4th day of October, 2007

_____
Notary Public

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

# EXHIBIT A

## CALCULATION OF LOSS (DETENTION VERSION)

| | | | |
|---|---|---|---:|
| 1. | Detention up to 14.05 26.03.07 | : | 1,095,279.60 |
| 2. | Loss of Profit | : | 267,288.36 |
| | | | |
| Total | | | 1,362,567.96 |

MJS/AW2665

## Detention

16.00  01.03.06    Barge DKUI casts off after cargo rejected and no further cargo loaded

14.05  26.03.07    Removal of cargo completed

Time = 24 days 22 hours 5 minutes (24.92 days)

| | | | |
|---|---|---|---|
| Daily loss | : (1) | market rate | |
| | (a) | hire 40,000 less commission | 38,500.00 |
| | (b) | ballast bonus of 100,000 pro rated over 21.736 days (i.e. the duration of the substitute timecharter) (less commission) | 4,428.14 |
| | (2) | bunkers – ifo 2.5mt x 300 | 750.00 |
| | (3) | port costs US$7,663.34 for 28 days (27.02.07 to 26.03.07) = 273.69 daily | 273.69 |
| | | | 43,951.83 |

Total detention    24.92 days x $43,951.83    =    $1,095,279.60

MJS/AW2665

Duration of voyage if performed

1) Sub Charter terminated       :   23.42     21.03.07

   Removal of cargo completed   :   14.05     26.03.07

   Time = 4 days 14 hours 23 minutes (4.599 days)

2) Loading    :   52,500 mt ÷ load rate of 6000/day = 8.75 days
   8.75 days from 14.05 26.03.07 = 08.05 04.04.07

3) Voyage   Manorpo to Fang Cheng :
   1873 nautical miles at 14 knots = 5.57 days
   5.57 days (5 days 13 hours 40 minutes) from 08.05 04.04.07 = 21.45 09.04.07

4) Discharge   52,500 mt ÷ discharge rate of 10000/day = 5.25 days
   5.25 days from 21.45 09.04.07 = 03:45 15.04.07

5) Total    4.599 + 8.75 + 5.57 + 5.25 = 24.169 days

MJS/AW2665

Earnings on Intended Voyage

| | | | |
|---|---|---|---:|
| Earnings | (1) | Freight (net) US$20 x 52,500mt (less 2% commission) | 1,029,000.00 |
| | (2) | Demurrage laytime used already before termination 17.15 27.02.07 to 16.00 01.03.07 (2 days 22 hours 45 minutes – 2.948 days) 2.948 days x 25,000 | 73,700.00 |
| Less | (1) | Bunkers ifo 5.57 laden sailing days x 31 mt x $300 ifo 14.32 port days x 4.8 mt x $300 | 51,801.00 20,620.80 |
| | (2) | Port Expenses (a) Manorpo (b) Fang Cheng (estimated) | 7,663.34 5,000.00 |
| Total Profit | | | 1,017,614.86 |

Earnings on actual time chartered voyage

Commencement of hire :   0400 29.03.07
Runs to 03.45 15.04.07  =   16.989 days
16.989 x $40,000 plus $100,000 ballast bonus
(less 3.75% commission)                                                750,326.50

Total loss                                                             267,288.36

MJS/AW2665